PER CURIAM.
This is an appeal from a declaratory judgment in which the circuit court invalidated two rules of the Fish and Wildlife Conservation Commission and declared a fishing net designed by the appellees, Pringle and Crum, to be a legal net under Article X, section 16 of the Florida Constitution. We find that this action was not properly before the circuit court and reverse.
Article X, section 16 was adopted by initiative in November 1994. This amendment prohibits the use of certain fishing nets and limits the size of other nets used in the nearshore and inshore waters of Florida. The Legislature has delegated the authority to implement this constitutional amendment to the Commission. See Art. XII, § 23, Fla. Const.; § 370.027(2), Fla. Stat. (Supp.1998); 370.093, Fla. Stat. (Supp.1998). Under this grant of authority, the Commission has the power to set gear specifications and prohibitions. See § 370.027(2), Fla. Stat. (Supp.1998); Florida Marine Fisheries Comm’n v. Pringle, 736 So.2d 17 (Fla. 1st DCA 1999). Accordingly, the Commission promulgated rules 68B-4.0081(2)(d) and 68-39.0047(1), Florida Administrative Code. Rule 68B-4.0081(2)(d) prohibits the use of any, seine net with a mesh size larger than two inches- stretched mesh, and rule 68B-39.0047(1) prohibits the harvesting of mullet with any gear not specified in the rule.
On August 2; 1999, Pringle and Crum filed an amended complaint for declaratory judgment in the circuit court. In the complaint, they sought a declaration that a net they designed was legal under the Commission’s rules and Article X, section 16. They alleged that their net which is constructed of three inch stretched mesh is a rectangular net, not a seine net, and is allowed under the rules. In the alternative, Pringle and Crum claimed that if the net is prohibited under the rules, then the rules are unconstitutional because they violate the due process and equal protection clauses of the Florida Constitution. According to Pringle and Crum’s complaint, the net is a permissible net under Article X, section 16, regardless of the administrative rules.
The Commission filed a motion to dismiss on the ground that the plaintiffs had failed to exhaust available administrative remedies and a motion to transfer on the ground that the trial court lacked primary jurisdiction. These motions were denied and the Commission then answered the complaint. In its answer, the Commission maintained that the Pringle and Crum net was either a seine net subject to the two inch mesh requirement of rule 68B-4.0081, Florida Administrative Code or a prohibited gill net.
After a trial, the circuit court rendered its final declaratory judgment on February *650 12, 2002. The circuit court found that the Pringle and Crum net was allowed under Article X, section 16. Additionally, the circuit court found that there was no rational basis for restricting the use of the Pringle and Crum net and that prohibition of the net would result in the complete deprivation of individuals’ right to earn a living. For these reasons, the court held that rules 68B-4.0081 and 68B-39.0047 were unconstitutional.
We conclude that this declaration was made prematurely. The plaintiffs did not exhaust available administrative remedies before they sought relief in the courts and they offered no valid reason to be excused from the exhaustion requirement. It is well established that a constitutional challenge to an agency’s rule must first be presented to the agency and the administrative process exhausted before the issue may be raised in the courts. See Key Haven Associated Enters, v. Board of Trs. of Internal Improvement Trust Fund, 427 So.2d 153 (Fla.1982). As stated in Florida Marine Fisheries Commission v. Pringle, 736 So.2d 17, 20 (Fla. 1st DCA 1999), “[t]he doctrine of exhaustion of administrative remedies precludes judicial intervention in executive branch decisionmaking where administrative procedures can afford the relief a litigant seeks.”
Moreover, under the doctrine of primary jurisdiction, the circuit court should have refrained from exercising its jurisdiction. The issue raised in the complaint involves technical expertise in the area of fishing gear specifications and prohibitions. Such expertise is outside the ordinary experience of judges and juries, but within the special competence of the Commission. Therefore, the Commission, not the circuit court, should have ruled upon the issue first. See Flo-Sun, Inc. v. Kirk, 783 So.2d 1029 (Fla.2001). In Flo-Sun, the supreme court explained:
The doctrine of primary jurisdiction enables a court to have the benefit of an agency’s experience and expertise in matters with which the court is not as familiar, protects the integrity of the regulatory scheme administered by the agency, and promotes consistency and uniformity in areas of public policy. Pursuant to the doctrine, ‘[jjudicial intervention in the decisionmaking function of the executive branch must be restrained in order to support the integrity of the administrative process and to allow the executive branch to carry out its responsibilities as a co-equal branch of government.’
783 So.2d at 1037, (quoting, Key Haven Associated Enters, v. Board of Trs. of the Internal Improvement Trust Fund, 427 So.2d 153, 157 (Fla.1982)) (citations omitted). Relief at the administrative level and not in the circuit court would have been appropriate.
For these reasons, we reverse the decision of the circuit court and vacate the declaratory judgment.
ALLEN, C.J., DAVIS and PADOVANO, JJ„ CONCUR.